In the United States Court of Federal Claims<br/>
**OFFICE OF SPECIAL MASTERS**<br/>
No. 20-553V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| DAISY RODRIGUEZ, as mother and natural guardian of L.R., a minor, | * * * * | Chief Special Master Corcoran |
| Petitioner, | * * | Filed: February 27, 2024 |
| v. | * * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES | * * * | |
| Respondent. | * * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

**DECISION DISMISSING PETITION**[1]

On May 4, 2020, Daisy Rodriguez filed a petition on behalf of her minor child (L.R.) seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"). [2] Petitioner alleges that her child's Angelman Syndrome ("AS") and associated symptoms were caused by the diphtheria-tetanus-acellular pertussis/Hepatitis B/inactivated polio, haemophilus influenzae type B, pneumococcal conjugate 13-valent, and rotavirus vaccines. Petition (ECF No. 1) at 1-2.

In October 2023, I informed Petitioner's counsel during a status conference that the claim had significant issues, since it appeared to rely on an untenable, thimerosal-related causation theory. *See* Scheduling Order (ECF No. 35) at 2. I therefore ordered Petitioner to file – on or before January 22, 2024 - a brief showing cause as to why the case should not be dismissed. Since my Order provided Petitioner three months in which to act, and since I explicitly discussed with

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

counsel the claim's issues during the status conference (as the Order clearly reveals), it cannot be said that Petitioner was not given a fair opportunity to act in reaction to my Order.

On the very day her response was due, however, Petitioner moved for an extension of time to February 22, 2024, to respond to the existing Order to Show Cause. ECF No. 36. In so doing, counsel represented that illness in January 2024 had inhibited his ability to work on the response, but that an additional 30 days would be sufficient to complete it. *Id.* at 1. The motion said nothing about work performed on the response prior to January. I granted the motion, but noted that no further time would be permitted to comply with my October 2023 Order, as I had significant concerns with the claim and Petitioner had already been given three months to act. *See* Docket Entry, dated January 23, 2024.

Now, the February 22nd due date for the response to my Order to Show Cause has also passed – with no word from counsel, no response, and no motion to extend time again.

Under Vaccine Rule 21(b), a special master may dismiss a case for the failure of the petitioner to prosecute or comply with any order of the special master. In this case, Petitioner has failed during the pendency of this case to respond to the deadlines I have set. And otherwise, she lacks expert support needed to substantiate her claim – and (as noted to her over three months ago) asserts a causal theory that simply is not likely to succeed.

Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. Section 13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Therefore, Petitioner's claim cannot succeed and must be dismissed. Section 11(c)(1)(A).

Accordingly, I hereby **DISMISS** Petitioner's case. In the absence of a motion for review filed pursuant to RCFC Appendix B, and pursuant to Vaccine Rule 21(b)(2), the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[3]

**IT IS SO ORDERED.**

/s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.